The Honorable Jerry E. McBride Representative, District 144 State Capitol Building, Room 411B Jefferson City, Missouri 65101
Dear Representative McBride:
This opinion letter is in response to your question asking whether the public can have access to police records in alcohol-related cases. Based on a letter attached to your opinion request, we understand your question relates solely to the blood alcohol level of the arrested person as it appears on the ticket.
Sections 610.100, et seq., RSMo, are titled the Arrest Records Law. It is a segment of the "Sunshine Law," Chapter 610, RSMo. In Attorney General Opinion Letters Nos. 193-90 and 42-86, copies of which are enclosed, we addressed questions concerning access to arrest records and police investigative records. These opinion letters are of assistance in responding to your question.
Opinion Letter No. 193-90 discusses Sections 610.100 and610.105, RSMo 1986, which provide as follows:
 610.100. Arrest records, closed, when. — If any person is arrested and not charged with an offense against the law within thirty days of his arrest, official records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records except as provided in section 610.120.
 610.105. Effect of nolle pros — dismissal — sentence suspended on record. — If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty or imposition of sentence is suspended in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records when such case is finally terminated except as provided in section 610.120.
In Opinion Letter No. 193-90, we concluded that pursuant to Sections 610.100 and 610.105, RSMo 1986, arrest records are open unless one of the enumerated events which would require the record to be closed has occurred. However, once one of these events has occurred, the record becomes a closed record as defined by Section 610.010, RSMo Supp. 1990, meaning that it is closed to the public.
In Opinion Letter No. 42-86, we observed that although Sections 610.100 and 610.105, RSMo,
 do not specifically refer to police investigative reports, they do refer to records of the arrest and official records pertaining to the case. The purpose of these statutes would be thwarted if such reports were to remain open while the arrest records or other case records were closed . . . Closing only the case record, however, would be ineffective in alleviating the stigma of the criminal charge if the public was permitted to obtain the same information from pre-arrest investigative reports. In other words, if pre-arrest investigative reports remain open, Section 610.105 becomes meaningless. Likewise, the closing of only the arrest and incarceration records under Section 610.100, is a futile effort if the public has access to the same information by examining the police investigative reports.
Id., pages 2-3. Therefore, in accordance with Opinion Letter No. 42-86, if one of the enumerated events occurs to require closure of arrest records, then any related police investigative records are also closed.
Opinion Letter No. 42-86 also addressed the closure of investigative records where arrest records have not been closed pursuant to Sections 610.100 and 610.105, RSMo 1986. As discussed in that opinion letter, in Hyde v. City of Columbia,637 S.W.2d 251 (Mo.App. 1982), the court indicated that investigative records of law enforcement agencies generally come within the definition of public records. Id.,637 S.W.2d at 259. Still, the court concluded that certain aspects of a police investigative file, specifically, the name of a victim when a suspect is still at large, are closed records in the interests of protecting personal privacy and personal safety. As noted in Opinion Letter No. 42-86, "[r]ecords may be or are closed because of the provisions of other statutes and, as extended by Hyde, because of other requirements for closure or deletion on a theory of law recognizing personal privacy, the efficient suppression and punishment of crime, the protection of third persons, or the like." Id., page 4. We observe, however, that the privacy interests addressed in Hyde were those of the victims of offenses. We do not find language inHyde supporting the same protection of the privacy interests of criminal defendants.
Therefore, the blood alcohol level of an arrested person as it appears on a ticket is a matter of public record so long as the police investigative records and arrest records have not been closed pursuant to Sections 610.100 and 610.105, RSMo 1986. Once one of the enumerated events which requires closure has occurred, records relating to the case, including the blood alcohol level as reported on the ticket, become closed records.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosures: Opinion Letter No. 193-90 Opinion Letter No. 42-86